IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HENRY A. CHAVEZ,**

       **Plaintiff,**

vs.                                     No. CIV 04-617 WDS

**JO ANNE B. BARNHART, Commissioner**
of the Social Security Administration,

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on November 5, 2004.  Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was eligible for disability insurance benefits or supplemental security income as of October 3, 2001.  Plaintiff's objection to the determination is that the Commissioner should have found him disabled as of 1999.  The Court, having considered Plaintiff's Motion [docket # 16] and Memorandum Brief [docket # 17], Defendant's Response [docket # 20], Plaintiff's Reply [docket # 21], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

### I.  Background

Plaintiff, who was born on September 16, 1942, worked as a warehouse worker, truck driver, ceramic tile installer, construction worker, tire repairman, and substitute teacher before the onset of his alleged disability.  Tr. 21, 147, 170. Plaintiff applied for Disability Insurance Benefits on July 12,

2000. Tr. 86-88. He alleged that he became disabled on April 15, 1999. Plaintiff's application was denied at the initial level, Tr. 42, and at the reconsideration level. Tr. 43. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on June 6, 2001. Tr. 65-66. The hearing before the ALJ was held on April 24, 2002, at which Plaintiff appeared represented by a non-attorney. Tr. 38, 414-459. Plaintiff alleged that he was disabled as a result of Post Traumatic Stress Disorder[1] and tinnitus. Tr. 164, 431, 438. In an opinion dated October 10, 2002, the ALJ rendered a partially favorable decision, finding that Plaintiff was disabled as of October 3, 2001 rather than April 15, 1999. Tr. 16-29. Plaintiff then filed a request for review with the Appeals Council on December 3, 2002. Tr. 13-14. The Appeals Council denied Plaintiff's request for review on April 1, 2004, Tr. 7-9, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On June 3, 2004, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 2, 4] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the

---

[1] Plaintiff used the term "post traumatic stress disorder" to describe his psychiatric condition. Plaintiff's treating physicians and psychiatrists used the term "bi-polar disorder" when referring to his condition. For purposes of this Memorandum Opinion and Order the terms are interchangeable.

Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot

perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 21. The ALJ found at step two that Plaintiff had the severe impairment of bipolar disorder, and non-severe impairments due to tinnitus and alcohol abuse in remission. Tr. 22. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 22. At step four, the ALJ concluded that up until October 3, 2001, Plaintiff retained the RFC to perform work at all exertional levels which involved only simple and repetitive tasks, did not require contact with the public, and did not require extensive interaction with co-workers or supervisors. Tr. 22. , The ALJ concluded that by October 3, 2001 Plaintiff's mental condition had deteriorated to the point that he was unable to work a 40 hour work week with pace and persistence, and therefore was disabled. Tr. 22.

Given the pre-October 3, 2001 RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 26. However, at step five the ALJ concluded that there were a significant number of jobs in the national economy that Plaintiff could perform. Tr. 27.

Plaintiff contends that the ALJ erred by (1) disregarding the Veterans Administration's

4

determination that Plaintiff was unemployable as of August 4, 1999; (2) making a decision regarding employability that was not supported by substantial evidence; and (3) finding that the Plaintiff could perform unskilled work when his past work was skilled to semiskilled work.

### IV.  Discussion

1.  <u>Whether the ALJ Erred in Disregarding the VA Rating Decisions and Their Findings</u>

Plaintiff first alleges that the ALJ "completely ignored the VA rating decision and their findings. (PB p. 8) Plaintiff is correct that such findings must be considered by the ALJ and accorded some weight.  *Baca v. Department of HHS*, 5 F.3d 476 (10th Cir. 1993).  However, the administrative record is replete with evidence that the ALJ did consider the VA rating decision and all associated supporting documents.  The hearing transcript shows that the ALJ specifically asked Plaintiff to submit his VA rating decision and supporting documents, as well as a medical opinion from his treating physician at the VA, Dr. Rol.  Tr. 457-458.  In his decision, the ALJ noted some of the statements Plaintiff made in his VA disability cases, and cited to Exhibit 13F, which is the administrative exhibit that included the VA disability rating. Tr. 25.  The ALJ gave controlling weight to the opinion of Plaintiff's treating physician at the VA, Dr. Rol, that Plaintiff became disabled on October 3, 2001.  Tr. 24.

It is clear that the ALJ considered the disability findings of the VA and gave them some weight.  Plaintiff's objection is not well taken.

2.  <u>Whether the ALJ's Decision Was Supported by Substantial Evidence</u>

Plaintiff next argues that the decision of the ALJ was not supported by substantial evidence. Plaintiff argues that the vocational expert wrongly testified that he could be required to perform unskilled work when his past work was skilled and semi-skilled.  This argument is addressed in detail

in section 3 of this Memorandum Opinion and Order. The argument is not well taken.

Plaintiff argues that there was medical evidence supporting the proposition that Plaintiff was entirely disabled as of 1999. However, this argument misses the point. The question is whether substantial evidence supported the ALJ's decision. "Evidence is not substantial if it is overwhelmed by other evidence, particularly certain types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion." *Frey v. Bowen,* 816 F.2d 508, 512 (10th Cir. 1987) (quotations omitted). The ALJ received and considered many medical opinions in this case. Tr. 24. The ALJ gave controlling weight to the opinion of Plaintiff's treating psychiatrist, Dr. Rol, that Plaintiff was disabled beginning October 3, 2001. Tr. 24. The ALJ gave great weight to the opinion of Dr. Fredman, Tr. 24, who examined Plaintiff in January 2001 and found that Plaintiff's bipolar disorder was under fair control with medication. Tr. 364. Dr. Fredman assigned Plaintiff a GAF score of 60, indicating moderate impairment. Tr. 364. Additionally, the report of the non-examining state agency physician supported the ALJ's decision, and was given great weight. Tr. 24.

Furthermore, while Plaintiff questions the ALJ's less than favorable credibility determination, the fact is that the ALJ found the Plaintiff to be disabled as of October 3, 2001. It is clear that the ALJ did not discredit the entirety of Plaintiff's testimony about his problems getting along with others, Tr. 136, or his road rage, Tr. 136, or his other anxiety-related problems. Tr. 136-140. To the contrary, the ALJ's finding of disability indicates that he did believe that Plaintiff experienced these problems, but that they were not severe enough to render Plaintiff completely disabled until October 3, 2001. Plaintiff's objection is not well taken.

3.  <u>Whether the ALJ Erred in Finding That the Plaintiff Could Perform Unskilled Work When His Past Work Was Skilled to Semiskilled Work</u>

Plaintiff next alleges that the ALJ erred by finding that the Plaintiff could perform unskilled work, and by failing to identify skilled or semi-skilled work for which Plaintiff had transferable skills. Plaintiff cites 20 C.F.R. §404.1568(d) as setting forth the framework for determining whether a claimant such as Plaintiff has transferrable skills, and cites *Dollar v. Bowen*, 821 F.2d 530 (10th Cir. 1987), seemingly for the premise that an unskilled job would not have suited Plaintiff and that the ALJ would have had to have made a showing of transferable skills before finding that Plaintiff was suited for skilled or semi-skilled employment.

Plaintiff's argument might be well taken if the ALJ had found that Plaintiff's RFC restricted him to light or sedentary jobs only. 20 C.F.R. §404.1568(d)(4) reads as follows:

> Transferability of skills for individuals of advanced age. If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semi-skilled work (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s).

Plaintiff is an "older individual" for purposes of the above paragraph, but he is not limited to sedentary or light work. The plaintiff in *Dollar v. Bowen*, on the other hand, was found capable of performing light work, and thus subject to the transferability of skills analysis that Plaintiff claims should have been applied here.

Plaintiff was not limited to sedentary or light work. No transferability analysis is required for a transition to medium level, unskilled employment. The ALJ identified three jobs that Plaintiff could occur that existed in significant numbers in the national economy, laundry worker, cleaner, and caretaker, each of which is unskilled, medium work. The Court finds that Plaintiff's argument is not

7

well taken.

## V.  Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #16] is  **DENIED,** and this matter shall be dismissed with prejudice.

 

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**